UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARCELLUS McMURRAY,

Plaintiff,

-against-

CORRECTION OFFICER LEVIN; CORRECTION OFFICER MORALES; CORRECTION OFFICER MORGAN; CORRECTION OFFICER LEVY; MATOS,

Defendants.

26-CV-3819 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

Plaintiff, who currently is incarcerated in the Rose M. Singer Enhanced Supervised Housing unit on Rikers Island, brings this action *pro se*, under 42 U.S.C. § 1983, alleging that Defendants violated his federally protected rights. By order dated May 21, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief and to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

Named as Defendants in this complaint are Correction Officers Levin, Morales, Morgan, Levy, and Matos. The Court understands from the complaint that Plaintiff is disabled; he provides a document from New York City Health + Hospitals, signed by Dr. Lisa Choleff,

authorizing him, pursuant to the Americans With Disabilities Act ("ADA"), to use the following "assistive devices": (1) a cane, from March 20, 2026, through June 30, 2026, and a "wheelchair for distance only," from March 20, 2026, through April 30. (ECF 1 at 7.)

On April 29, 2026, while Plaintiff and other detainees were being transported to different destinations, Officer Levin yelled at Plaintiff to "hurry" as Plaintiff "put on disability equipment including elbow and arm cushions, back brace, and ankle braces," and he "blamed" Plaintiff for a delay that had been caused by a "jail alarm." (*Id.*) Plaintiff further states that "during transport to intake he had a bus pass for the wheelchair bus without cages, yet he and four other inmates were chained in a cramped area with no movement or air circulation for 20–25 minutes." (*Id.*) He also alleges that Officer Morales called Plaintiff a "crippled" piece of "shit" and expressed animus towards his disability. (*Id.* at 5.) Also, on an unspecified date, Plaintiff alleges that he was unable to get a "new prescription order" of his "medications and medicines," and that he "submitted a[n] original bus permit notification for distance only for West Facility, court, hospital, and cane." (*Id.*)

Plaintiff lists injuries to his including back, nose, head, arms, right leg muscles, chest, rib cage, and a knot on the left side of his face, but he does not explain how he was injured, or who caused the injuries. Plaintiff seeks $5 million in damages for pain and suffering. (*Id.*)

## DISCUSSION

### A. Personal involvement

Plaintiff filed this complaint invoking 42 U.S.C. § 1983. To state viable claims under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Additionally, a plaintiff asserting claims under Section 1983 must allege facts showing the defendants' direct and

personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks omitted)). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official[.]" *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

In the caption of the complaint, Plaintiff names as Defendants Correction Officers Levin, Morales, Morgan, Levy, and Matos. In the body of the complaint, however, there are no allegations against Levy, Matos, or Morgan. Plaintiff has thus failed to show what these individuals allegedly did or failed to do that violated his rights. The Court grants Plaintiff leave to file an amended complaint to allege facts explaining why they are named as Defendants in this matter.

**B. Deliberate indifference**

Plaintiff was a pretrial detainee during the events giving rise to his claims. A pretrial detainee's claim of deliberate indifference arises under the Due Process Clause of the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *Darnell v. Pineiro*, 849 F.3d 17, 29, 33 n.9 (2d Cir. 2017). To state such a claim, a plaintiff must satisfy two elements: (1) an "objective" element, which requires a showing that the challenged conditions are sufficiently serious, and (2) a "mental" element, which requires a showing that defendant acted with at least deliberate indifference to those conditions. *Darnell*, 849 F.3d at 29, 33 n.9.

To satisfy the objective element, a plaintiff must plead facts that "show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health" or safety. *Id.* at 30 (internal quotation marks and citations omitted). To satisfy the mental element, a pretrial detainee must allege facts showing that a jail official "acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35; *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000) (noting that with respect to an alleged medical need, it must be a sufficiently serious condition that "'could result in further significant injury or the unnecessary and wanton infliction of pain.'" (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998))). Negligence is not a basis for a Section 1983 claim for a constitutional violation. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Darnell*, 849 F.3d at 36 ("[A]ny § 1983 claim for a violation of due process requires proof of a *mens rea* greater than mere negligence.").

Plaintiff asserts that suffered physical injuries under circumstances that he does not describe; that he was transported in a bus in a "cramped area with no movement or air circulation for 20–25 minutes"; and that he was denied unspecified medications for an unspecified period of time. Plaintiff does not provide sufficient facts for the Court to determine that Defendants were deliberately indifferent to his serious medical needs or to his health and safety generally, or that a particular Defendant knew or should have known of a risk of harm to Plaintiff and disregarded that risk. The Court grants Plaintiff leave to file an amended complaint to provide any additional facts to support his deliberate indifference claims.

**C. Disability discrimination**

Plaintiff may seek to assert a disability discrimination claim. Title II of the Americans with Disabilities Act ("ADA") provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity." 42 U.S.C. § 12132. Under the Rehabilitation Act, "no otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . ." 29 U.S.C. § 794(a). Because the standards under the ADA and the Rehabilitation Act "are generally the same and the subtle distinctions between the statutes are not implicated in this case, '[the Court will] treat claims under the two statutes identically'" for the purposes of this order.[2] *Wright v. N.Y. State Dep't of Corrs.*, 831 F.3d 64, 72 (2d Cir. 2016) (quoting *Henrietta D. v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003)). There is no individual liability under Title II of the ADA or under the Rehabilitation Act. *Garcia v. SUNY Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 113 (2d Cir. 2001). The correct Defendant for these claims would be the City of New York.

To state a claim, a plaintiff must establish that he is a qualified person with a disability; that the defendants are subject to the ADA and the Rehabilitation Act; and that he was denied the opportunity to participate in or benefit from the defendant's program, services, or activities, or was otherwise discriminated against because of his disability. *Henrietta D. v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003). "A qualified individual can base a discrimination claim on any of three available theories: (1) intentional discrimination (disparate treatment); (2) disparate impact;

[2] The Court will assume without deciding that the Rehabilitation Act applies.

and (3) failure to make a reasonable accommodation." *Fulton v. Goord*, 591 F.3d 37, 43 (2d Cir. 2009) (internal citations omitted).

Plaintiff may be alleging that Defendants failed to reasonably accommodate his disabilities, but he does not provide sufficient facts to state such a claim. He alleges that he had a bus pass for the wheelchair bus without cages, but he ended up on a bus "chained in a cramped area with no movement or air circulation for 20–25 minutes." (ECF 1 at 7.) It is unclear from these facts whether Plaintiff can show that being transported in such a manner could give rise to an inference that any Defendant failed to reasonably accommodate his disabilities. The Court grants Plaintiff leave to amend his complaint to provide additional facts, should any exist, to support a disability discrimination claim.

**D. Verbal abuse**

Plaintiff alleges that Officer Levin yelled at him and blamed him for a delay that was not his fault, and that Officer Morales cursed at him and used derogatory language about his disabilities. Although the use of such language is "indefensible and unprofessional, verbal threats or abuse are not sufficient to state a constitutional violation cognizable under § 1983." *Jones v. Rock*, No. 12-CV-0447, 2013 WL 4804500, at *19 (N.D.N.Y. Sept. 6, 2013) (quoting *Harris v. Lord*, 957 F. Supp. 471, 475 (S.D.N.Y. 1997)); *see also Hosannah v. Officer Ameed Saeed*, No. 15-CV-03773, 2022 WL 21783687, at *12 (E.D.N.Y. Dec. 28, 2022) (noting that "pre-trial detainees do not have cognizable § 1983 claims based on allegations of verbal harassment and/or abuse."); *Carzoglio v. Abrams*, No. 18-CV-4198 (PMH), 2020 WL 905630, at *5 (S.D.N.Y. Feb. 25, 2020) (collecting cases and dismissing allegation that defendant threatened to give plaintiff a "fatal dose" of his medication).

Plaintiff asserts that Officers Levin and Matos yelled at him and spoke to him in a disparaging manner, but verbal abuse, while reprehensible, does not give rise to a claim under

Section 1983. Accordingly, the Court dismisses Plaintiff's claims arising from verbal threats or abusive language for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(b)(ii).

**LEAVE TO AMEND**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff may be able to allege additional facts to state valid claims pursuant to Section 1983 and/or the ADA, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 26-CV-3819 (LLS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

SO ORDERED.

Dated: July 8, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

______________________________________
______________________________________
______________________________________

*(In the space above enter the full name(s) of the plaintiff(s).)*

**AMENDED COMPLAINT**
under the Civil Rights Act,
42 U.S.C. § 1983

**-against-**

______________________________________
______________________________________
______________________________________
______________________________________
______________________________________
______________________________________
______________________________________
______________________________________

Jury Trial: ☐ Yes ☐ No
(check one)

**___ Civ. _________ (   )**

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**I. Parties in this complaint:**

A. List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff's Name_____________________________________________
ID#_____________________________________________
Current Institution_____________________________________________
Address_____________________________________________
_____________________________________________

B. List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1 Name ______________________________ Shield #_________
Where Currently Employed ______________________________
Address ______________________________
______________________________

Defendant No. 2 Name ___________________________________________ Shield #_________
Where Currently Employed ___________________________________________
Address ___________________________________________________________
___________________________________________________________________

Defendant No. 3 Name ___________________________________________ Shield #_________
Where Currently Employed ___________________________________________
Address ___________________________________________________________
___________________________________________________________________

**Who did what?**

Defendant No. 4 Name ___________________________________________ Shield #_________
Where Currently Employed ___________________________________________
Address ___________________________________________________________
___________________________________________________________________

Defendant No. 5 Name ___________________________________________ Shield #_________
Where Currently Employed ___________________________________________
Address ___________________________________________________________
___________________________________________________________________

## II. Statement of Claim:

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. In what institution did the events giving rise to your claim(s) occur?
___________________________________________________________________
___________________________________________________________________

B. Where in the institution did the events giving rise to your claim(s) occur?
___________________________________________________________________

C. What date and approximate time did the events giving rise to your claim(s) occur?
___________________________________________________________________
___________________________________________________________________
___________________________________________________________________

D. Facts:____________________________________________________________

**What happened to you?**

___________________________________________________________________
___________________________________________________________________
___________________________________________________________________

______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________

**Was anyone else involved?**

**Who else saw what happened?**

## III. Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________

## IV. Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes ____ No ____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________

B. Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes ____ No ____ Do Not Know ____

C. Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes ____ No ____ Do Not Know ____

If YES, which claim(s)?
______________________________________________________________________________

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes ____ No ____

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes ____ No ____

E. If you did file a grievance, about the events described in this complaint, where did you file the grievance?
______________________________________________________________________________

1. Which claim(s) in this complaint did you grieve?
______________________________________________________________________________
______________________________________________________________________________

2. What was the result, if any?
______________________________________________________________________________
______________________________________________________________________________

3. What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process.
______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:
______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________

___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________

2. If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________

Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

**V. Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). ___________________________________________

___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________

__________________________________________________________________________

__________________________________________________________________________

__________________________________________________________________________

**VI. Previous lawsuits:**

**On these claims**

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes ____ No ____

B. If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1. Parties to the previous lawsuit:

Plaintiff ______________________________________________

Defendants ______________________________________________

2. Court (if federal court, name the district; if state court, name the county) ________________

______________________________________________

_______3. Docket or Index number ______________________________________________

_______4. Name of Judge assigned to your case______________________________________________

5. Approximate date of filing lawsuit ______________________________________________

6. Is the case still pending? Yes ____ No ____

If NO, give the approximate date of disposition__________________________________

7. What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) ________________________________

______________________________________________________________________________

______________________________________________________________________________

**On other claims**

C. Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes ____ No ____

D. If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1. Parties to the previous lawsuit:

Plaintiff ______________________________________________

Defendants ______________________________________________

2. Court (if federal court, name the district; if state court, name the county) ___________

______________________________________________

_______3. Docket or Index number ______________________________________________

_______4. Name of Judge assigned to your case______________________________________________

5. Approximate date of filing lawsuit ______________________________________________

6. Is the case still pending? Yes ____ No ____
If NO, give the approximate date of disposition_________________________________

7. What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) ______________________________
_________________________________________________________________________
_________________________________________________________________________

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ___ day of ______________, 20___.

Signature of Plaintiff _____________________________________
Inmate Number _____________________________________
Institution Address _____________________________________
_____________________________________
_____________________________________
_____________________________________

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _________________, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff: _____________________________________